UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANDRE DAWSON**, | **2:25-cv-13065-TGB-CI** |
| Petitioner, | HON. TERRENCE G. BERG |
| vs. | **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |
| **JEFF TANNER,** | |
| Respondent. | |

Michigan inmate Andre Dawson filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Dawson challenges his Wayne County Circuit Court convictions by guilty plea of unlawful imprisonment, MICH. COMP. LAWS § 750.349b, assault by strangulation, MICH. COMP. LAWS § 750.84(1)(b), assault with intent to do great bodily harm, MICH. COMP. LAWS § 750.84(1)(a), and of being a fourth-time habitual felony offender. MICH. COMP. LAWS § 769.12.

Dawson's guilty plea was the result of an eleventh-hour agreement reached during jury selection where among other things the prosecutor agreed to dismiss a charge of first-degree criminal sexual conduct. The prosecutor also agreed that no mention of the dismissed criminal sexual conduct charge would be made in the presentence investigation report

("PSIR"), and that Dawson would be sentenced to three concurrent terms of 25 to 40 years imprisonment.[1]

At sentencing the court ordered that the probation officer's description of the offense portion of the PSIR, indicating that Dawson was originally charged with a sex offense, be redacted. Sent. Tr., ECF No. 9-25, PageID.629–30. The portion of the PSIR containing Dawson's LEIN information, however, also contained information regarding the dismissed charge. The trial court refused to redact that portion of the PSIR because it thought it did not have authority to alter the LEIN database from which that section of the PSIR was generated. Am. Order Den. Mot. Withdraw Plea, ECF No. 9-26, PageID.671–72.

Dawson argued on direct appeal that he was entitled to have his plea set aside because a material term of the plea agreement was breached. The Michigan Court of Appeals agreed in part, but rather than invalidating the plea, it ordered the offending LEIN information to be redacted from the PSIR.

Dawson's Petition asserts that the remedy granted by the state court is insufficient, and that he is entitled to set aside his guilty plea. ECF No. 1. However, for the reasons explained below, clearly established Supreme Court law gave the state court discretion to decide whether

---

[1]    The plea transcript containing the terms of the plea bargain was not filed separately with the Rule 5 materials, but it can be found in an attachment to the Michigan Court of Appeals records. Plea Tr., ECF No. 9-26, PageID.688, 696–99.

Dawson's plea should be set aside or to order specific performance. The state court adjudication of Dawson's claim therefore comported with the requirements of Supreme Court law, and the Petition will be **DENIED**.

## I. BACKGROUND

The Michigan Court of Appeals summarized the facts of the case on direct appeal. The summary is presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises out of an assault upon the victim on December 2, 2018. The victim alleged that defendant barricaded her in her garage and physically and sexually assaulted her, including punching her in the face and head, choking her with his hands around her neck, forcibly removing her clothing, forcibly performing oral sex on her, and forcibly penetrating her vagina with his penis. Police arrived while the assault was ongoing and arrested defendant. Defendant was thereafter charged, as a fourth-offense habitual offender, with two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, assault with intent to commit criminal sexual conduct (AWICSC), MCL 750.520g, kidnapping, MCL 750.349, unlawful imprisonment, torture, MCL 750.85, assault with intent to murder, MCL 750.83, and assault by strangulation. Following a preliminary examination, defendant was bound over to the circuit court as charged.
>
> The matter proceeded to jury trial. On the third day of trial, while jury selection was underway, a plea hearing was held. Pursuant to a plea agreement, defendant pleaded guilty to unlawful imprisonment, assault by strangulation, and an added count of AWIGBH; the prosecution dismissed the balance of the charges. As a condition of the plea agreement,

the parties agreed that the PSIR would not contain any references to criminal sexual conduct, excluding any references contained in the victim impact statement section of the PSIR. To the extent that the PSIR inadvertently contained such a reference, the parties agreed that the reference would be redacted or stricken.

At defendant's sentencing, the parties and the trial court reviewed the PSIR prepared in anticipation of sentencing. Pursuant to the plea agreement, defendant requested that the trial court strike from the PSIR references to defendant's initial charges at the time of his arrest, including two counts of CSC-I and one count of AWICSC. The prosecution did not object to the request to strike these references from the agent's description of the offense, and the trial court granted the request. With respect to the criminal history information, the prosecution argued it was taken from the Law Enforcement Information Network (LEIN) and the trial court lacked the authority to alter that information. The trial court agreed that it did not have the authority to alter the information taken from LEIN and denied the request to strike the references contained in the criminal history section of the PSIR. The trial court thereafter sentenced defendant to 25 to 40 years' imprisonment for each conviction.

Defendant subsequently moved to withdraw his plea pursuant to MCR 6.310(C), arguing that the prosecution failed to fulfill the agreement that any references to criminal sexual conduct aside from those in the victim impact statement section would be redacted from the PSIR. Because the agreement was not fulfilled, defendant argued that he was misinformed of the terms of the agreement and his plea was not voluntarily or understandingly made. Defendant also argued that he did not receive the benefit for which he bargained in accepting the plea agreement, and that the prosecution's breach of the plea agreement constituted a violation of defendant's due-process rights. The trial court issued an order denying defendant's motion to withdraw his

plea on the basis that defendant failed to establish that his plea was induced by an unfulfillable promise by the prosecution or that withdrawal of defendant's plea was mandated by an error in the plea-taking process. Defendant now appeals.

*People v. Dawson*, No. 364876, 2024 WL 4100085, at *1–2 (Mich. Ct. App. Sept. 5, 2024).

Following his conviction and sentence, Dawson filed a direct appeal. His appellate brief raised the following claim:

> I. When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. The trial court should have allowed Mr. Dawson to withdraw his plea when he pled upon a promise that went unfulfilled.

ECF No. 9-26, PageID.658.

The Michigan Court of Appeals initially denied Dawson's application for leave to appeal. ECF No. 9-27, PageID.935. Dawson appealed to the Michigan Supreme Court, and that court remanded the case back to the Michigan Court of Appeals "for consideration as on leave granted." ECF No. 9-27, PageID.821.

On remand, the Michigan Court of Appeals agreed that Dawson's PSIR contained information in the LEIN section regarding the original first-degree criminal sexual conduct charge in violation of the plea agreement. But rather than allowing Dawson to withdraw his guilty plea, the court remanded the case for the trial court to "enter an order that the

information … be redacted. At that point, defendant's plea will not have been illusory as he will have received the full extent of the agreement." *Dawson*, 2024 WL 4100085, at *4.

Dawson appealed to the Michigan Supreme Court and argued that he was entitled to choose to withdraw his plea instead of an order enforcing the agreement. ECF No. 9-27, PageID.794, 804–16. The Michigan Supreme Court denied the application by standard form order. *People v. Dawson*, 14 N.W.3d 787 (Mich. 2025) (Table); ECF No. 9-27, PageID.792.

## II. STANARD OF REVIEW

Section 2254(d) of Title 28 of the United States Code limits federal habeas review of claims that were adjudicated on the merits by the state courts. A habeas petitioner must demonstrate that the state court adjudication was "contrary to" or "involved an unreasonable application of" clearly established Supreme Court law. A decision is "contrary to" clearly established Supreme Court law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

6

Under this standard a federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

### III. ANALYSIS

The issue before the Court is straightforward. The parties agree that a material term of Dawson's plea agreement was breached when information regarding his dismissed sexual assault charge appeared in the LEIN section of his PSIR. Dawson claims that he is entitled to withdraw his plea because the plea agreement was broken, whereas Respondent asserts that the state court complied with the requirements of clearly established Supreme Court law when it instead ordered specific performance of the plea agreement. Because the claim is reviewed under § 2254(d), the question here is whether clearly established Supreme Court law gave Dawson the right to choose the remedy for the breached plea agreement, or whether the state court had authority to choose the appropriate remedy.

In *Santobello v. New York,* the Supreme Court held that when a defendant is induced to plead guilty by a promise made by the prosecutor,

that promise must be fulfilled. 404 U.S. 257, 262 (1971). When the prosecutor fails to live up to the terms of its plea agreement, a defendant is entitled to one of two remedies—withdrawal of the guilty plea or specific performance. *Santobello* explicitly vests the state court with the authority to choose the proper remedy:

> The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty.

404 U.S. at 263.

In *Puckett v. United States*, the Supreme Court confirmed that specific performance of a plea agreement is one of two appropriate remedies for a breach:

> When a defendant agrees to a plea bargain, the Government takes on certain obligations. If those obligations are not met, the defendant is entitled to seek a remedy, which might in some cases be rescission of the agreement, allowing him to take back the consideration he has furnished, i.e., to withdraw his plea. But rescission is not the only possible remedy; in *Santobello* we allowed for a resentencing at which the Government would fully comply with the agreement—in effect, specific performance of the contract.

556 U.S. 129, 137 (2009).[2]

In light of *Santobello* and *Puckett*, the Supreme Court held in *Kernan v. Cuero*, 583 U.S. 1 (2017), that it had not clearly established for purposes of § 2254(d) review that a defendant is entitled to a particular remedy of his choice for a breached plea agreement. *Id.* at 7–9 (defendant not entitled under clearly established Supreme Court law to choose specific performance); *see also Haight v. Jordan*, 59 F.4th 817, 856–57 (6th Cir. 2023) (finding defendant's claim to choice of remedy for breached plea agreement not supported by clearly established Supreme Court law).

Indeed, in light of this settled state of the law the Sixth Circuit found that it is not even reasonably debatable whether the state courts are empowered with determining the appropriate remedy for a breached plea agreement. *See William-Salmon v. Skipper*, No. 21-1792, 2022 WL 17569529, at *4 (6th Cir. Aug. 24, 2022) (denying certificate of appealability on habeas petitioner's claim that he was entitled to a particular remedy for breached plea agreement as "no clearly established federal law exists" that requires a specific remedy).

Accordingly, the decision of the Michigan Court of Appeals to order specific performance of the plea agreement and to remand the case for

---

[2]    Though the Court here is limited to clearly established Supreme Court law, it notes that Sixth Circuit precedent likewise recognizes that *Santobello* gives the trial court the authority to decide on the appropriate remedy for a breached plea agreement. *Peavy v. United States*, 31 F.3d 1341, 1346 (6th Cir. 1994); *United States v. Skidmore*, 998 F.2d 372, 375 (6th Cir. 1993).

the trial court to redact the challenged portion of the PSIR was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court law. Dawson's claim that he was entitled to choose his own remedy and withdraw his guilty plea is therefore without merit, and the Petition is denied.[3]

## IV. CERTIFICATE OF APPEALABILITY

In order to appeal this Court's decision, Dawson must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). An applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

---

[3]   In his reply brief, Dawson asserts that the MDOC nevertheless classified him as a sex offender and is requiring him to complete sex offender therapy to be considered for parole. Reply, ECF No. 10, PageID.1155–60. He asserts that he was classified as a sex offender in violation of procedural due process, and that the requirements for sex offenders violate the Eighth Amendment. Along with habeas relief, he also seeks monetary damages. These new claims are not properly before the Court because they were not exhausted in the state courts, 28 U.S.C. § 2254(b), and they were not included in Dawson's habeas petition. *Burns v. Lafler*, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004) (Gadola, J.) ("A court cannot consider new issues raised in a traverse or reply to the State's answer."); *see also Dothard v. MacLaren*, No. 13-15217, 2015 WL 470585, at *25–26 (E.D. Mich. Feb. 3, 2015) (Lawson, J.) (substantive claims raised for the first time in a reply brief, and thus unexhausted, would not be considered); *Sims v. Piper*, No. 07-14380, 2008 WL 3318746, at *5 (E.D. Mich. Aug. 8, 2008) (Duggan, J.) ("Thus, the additional issues raised for the first time in Defendant's reply brief are not properly before this Court.")

further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). As indicated above, jurists of reason would not debate the Court's conclusion that Dawson failed to demonstrate entitlement to habeas relief. Therefore, a certificate of appealability is **DENIED**.

## V. CONCLUSION

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, and 2) **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Dated: June 22, 2026          /s/Terrence G. Berg
                              HON. TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE